DONOVAN L. PATNODE v. RICHARD OSIER
CONSTRUCTION COMPANY AND ANOTHER.

206 N. W. 2d 350.

April 6, 1973—No. 43690.

*Raymond W. Fitch,* for relators.
*Abrams & Spector* and *Mitchell R. Spector,* for respondent.

PER CURIAM.

We granted Richard Osier Construction Company and its insurer certiorari to review an order of the Workmen's Compensation Commission which denied relators' petition for reimbursement of funds paid by relators to the employee-claimant for compensation, medical charges, and his attorney's fees pending an appeal to the commission from an order of the compensation judge which had apportioned liability equally between two employers. Subsequent to the advance payment, the commission reversed the compensation judge and found that neither employer was liable to the employee.

The pertinent facts are: Employee, a carpenter, sustained an injury while working for one employer. An aggravation was claimed to have occurred while the employee was working for a second employer. The compensation judge apportioned liability equally between the two employers and stated in a memorandum accompanying his decision:

"There is no question in this case that the employe is entitled to compensation benefits and that the matter has been delayed because of a dispute as to liability between two insurers. Under the circumstances, if one or the other insurer should appeal this matter, the Compensation Judge strongly suggests that one of the insurers pay the compensation benefits to the employe as herein ordered pursuant to temporary order, pursuant to the provisions of MSA 176.191 so that the employe does not have to undergo further hardship while waiting for a determination of liability involving a dispute between insurers."

Pursuant to a petition by relators, the commission authorized the making of temporary payments. The order additionally provided:

"When liability has been determined and if it is determined that Preferred Builders, Inc. and its insurer, Associated Indemnity Association, are liable for all or part of the compensation paid pursuant to the Temporary Order, then the Commission shall order such responsible employer and insurer to reimburse the Aetna Insurance Company for that amount which such other employer and insurer referred to herein, are held liable."

Subsequent to the time relators made the temporary payments, the commission reversed the compensation judge and denied liability on the part of either employer on the grounds that neither was notified of the injury as required by the act.

Relators then sought an order of the commission requiring reimbursement. This is an appeal from a denial of that petition. The employee has not appealed from the order denying compensation, which decision stands unchallenged.

Relators urge that the commission has the equitable power to order reimbursement of the amounts advanced. The employee likens the payments made here to those authorized under Minn. St. 604.01, subds. 2 to 5, which states that where advance payments in civil tort claims are voluntarily made pending determination, there is no right to reimbursement of excess payments at a later time regardless of the outcome of the claim.

The commission's order authorizing the temporary payment stated that reimbursement, if any, would follow "[w]hen liability has been determined." Section 176.191, under which the order was issued and payment authorized, provides in part as follows:

"Where compensation benefits are payable under this chapter, and a dispute exists between two or more employers or two or more insurers as to which is liable for payment, the workmen's compensation commission may direct that one or more of the employers or insurers make payment of the benefits pending a determination of liability.

"When liability has been determined, the commission shall order the party held liable for the benefits to reimburse any other party for payments which the latter has made, including interest at the rate of five percent per annum. The commission may also award the claimant a reasonable attorney fee, to be paid by the party held liable for the benefits."

It will be noted that the statute authorizes temporary payment but limits reimbursement to situations where liability has been determined. The decision of the commission established no liability for the payment of compensation. A literal reading of the statute permitted the commission no alternative other than the action it took. Accordingly, we must affirm the denial of reimbursement.

The jurisdiction of the Workmen's Compensation Commission in this matter is now terminated. The parties are left to their legal remedies, and the decision in this case should not be considered determinative in any civil proceeding.

Corrective legislation should be considered to preserve the commendable practice of advance payments by amending § 176.191 to prevent what has occurred here.

No attorney's fees are allowed.

Affirmed.